IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RODNEY SHEPARD § | |
| v. § | |
| § | Case No. 2:17-CV-132-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**MEMORANDUM OPINION**

On July 24, 2015, Administrative Law Judge Daniel Curran issued a decision finding that Petitioner Rodney O. Shepard was not disabled within the meaning of the Social Security Act from July 19, 2011 through the date of the decision. Mr. Shepard, who was 49 with a high school education and a welding certificate at that time, was found to be suffering from severe impairments including panic disorder, atrial fibrillation, obesity and sleep apnea. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least July 19, 2011. Before that time, he had worked as concrete truck driver, and was not able to return to that type of work.

After reviewing the medical records and receiving the testimony at the July 14, 2015 hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform light work, as defined in the Social Security Regulations, in that he can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand or walk for 6 hours, and can sit for 6 hours, in an 8-hour workday. His is able to understand, remember and carry out only simple instructions; and can make simple, work-related decisions. He can respond appropriately to supervision, co-workers and usual work situations, and can deal with changes in a routine work setting. However, his work must not require joint decision-making or teamwork, or more than occasional contact

1

with the general public. His work cannot require him to direct, or receive directions from, the general public. His work must be simple, routine, solitary and repetitive, not requiring close supervision. He must avoid exposure to unguarded hazards, such as uneven walking surfaces, open nip points, unprotected heights, moving machinery, open pits, open flames, open pools of water, and sharp objects. He must work in a controlled environment that does not require more than occasional exposure to extremes of temperature, loud noises, smoke, flashing lights or other intrusive environmental distractions.

Considering Petitioner's RFC, the ALJ relied upon the testimony of a Vocational Expert, Russell B. Bowden, and found that Petitioner had the residual functional capacity to perform a variety of jobs available in the national economy in significant numbers as those jobs are described in the Dictionary of Occupational Titles published by the Department of Labor. Those jobs include assembler, packer, and hardware assembler. This resulted in a finding of no disability. Petitioner appealed this finding to the Appeals Council, which denied review on February 1, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous

absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. The ALJ's decision finding Petitioner did not meet Listing 12.06 is not supported by substantial evidence.

2. The ALJ's assessment that Petitioner has the residual functional capacity to perform light work is not supported by substantial evidence.

3. The ALJ erred in discrediting Petitioner without discussing evidence that explains his non-compliance at times.

*Analysis*:

*Issue No. 1:*

Consideration of Petitioner's arguments about Listing 12.06 is greatly complicated by the fact that Petitioner's briefing mixes in medical records put in the record after the last ALJ hearing in July 2015. Indeed, they refer to evaluations of Petitioner that occurred after the hearing. The Appeals Council noted that these records could not be considered without a new application for benefits. Tr. 2. Yet Petitioner does not discuss this fact. For instance, the record quoted at length from pages 12 through 14 of Petitioner's brief and attributed to the consulting psychologist Dr. Betty Feir, is actually a report from the family physician Dr. Richard Hozdic regarding a November 17, 2015 evaluation, long after the ALJ hearing. Tr. 1724. Similarly, the long quotes on pages 14 and 15, which actually are from Dr. Feir, are from a September 19, 2016 evaluation, more than a year after the ALJ hearing. Tr. 12.

3

In the Fifth Circuit, the rule is that in order to justify a remand to the Commissioner, any new evidence "must relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). It must also be evidence that might have changed the outcome below. *Id*. Based on the fact that the ALJ discounted the earlier reports of Dr. Hozdic (Tr. 889) concerning Petitioner's expected absenteeism due to his impairments, the Court finds it unlikely that the later report would have changed the outcome. Tr. 123. However, the same cannot be said of the later report of Dr. Feir. Her September 19, 2016 findings seem persuasive and material to the Listing 12.06 issue.[1] However, they are clearly not about the relevant time period. Rather they suggest a "subsequent deterioration," which *Bradley* teaches should not be considered on this appeal. Dr. Feir performed a psychological consultative examination on October 5, 2011, which painted a very different picture and supported the ALJ's RFC. Tr. 769-775. The ALJ discussed this report at length. Tr. 116-117. The change in the five years between the two examinations suggests a clear deterioration.

Removing from the analysis the subsequent records, there is more than substantial evidence supporting the ALJ's finding that Listing 12.06 is not met. At the November 6, 2012 hearing, Dr. Jimmy Cole provided expert medical testimony on Petitioner's mental impairment claim and testified that the Listing was not met. Tr. 155. Likewise, at the July 14, 2015 hearing, Dr. Maxwell, a psychiatrist, testified to the same effect, finding that there were no "marked" limitations in functioning. Tr. 189-191. This was also the conclusion of Dr. Caren Phelan, a consultative

---

[1] As it is the Commissioner's role to evaluate the evidence initially, the Court expresses no opinion on the proper disposition of any new application based on this evidence.

4

psychologist, in her October 13, 2011 assessment. Tr. 786. Accordingly, the Court finds that the ALJ's determination regarding Listing 12.06 is supported by substantial evidence.

*Issue No. 2:*

Consideration of this issue, dealing with the physical impairments, is also affected by the issue described above concerning subsequent evidence. The report of Dr. Hozdic, discussed at great length at pages 18-20 of Petitioner's brief, is from a September 16, 2015 evaluation, well after the ALJ's hearing. Tr. 1714. It also contradicts Petitioner's own testimony at the hearing that his disability was due to two things: his arrhythmia and his agoraphobia with panic disorder. Tr. 148-149. All of the other physical issues detailed in the brief—the back problems, the obesity, the old knee and ankle injuries—were present at that time but were not claimed to be the cause of his inability to work. Rather, they were the basis for the restriction to light work.

Other than precipitating the panic attacks, the arrhythmia was shown to have no serious effect on Petitioner's ability to function. Dr. Charles Murphy so testified at the November 6, 2012 hearing. Tr. 150-154. No medical evidence indicates that Petitioner's heart condition precludes light work. The ALJ carefully considered all of the other medical evidence and his determination regarding the light work RFC is supported by that evidence and the testimony at the July 14, 2015 hearing by Dr. Don Clark, M.D. Dr. Clark testified that the light work RFC proposed by the ALJ was appropriate for Petitioner. Tr. 197. Accordingly, the Court finds that substantial evidence supports the RFC.

*Issue No. 3:*

Petitioner complains in this issue about the ALJ's determination concerning Petitioner's credibility. The Commissioner has long conceded that while the ALJ has great discretion in

weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Here Petitioner contends that the ALJ did not expressly discuss the evidence in the record which Petitioner asserts explains why he was occasionally non-compliant with his medication or doctor's orders. Non-compliance was one of the factors discussed by the ALJ to explain why the ALJ did not fully credit Petitioner's statements about the limiting effects of his impairments. Tr. 122. The ALJ noted that "his failure to follow treatment recommendations raises at least an inference that the claimant's alleged symptoms are not as bothersome as he alleges." *Id*. However, there were many other factors discussed by the ALJ in support of his credibility determination, such as the fact that Petitioner hasn't required inpatient care or follow-up visits to his doctors; that his reported activities of daily living show greater functional capacity than claimed; and, of course, that the medical evidence does not support the greater limitations claimed. Tr. 122-123.

All in all, the Court finds that the ALJ met his burden of explaining his determination of Petitioner's limited credibility, and his decision is supported by substantial evidence.

*Conclusion:*

Having determined that the decision is supported by substantial evidence, the ruling below is affirmed and this action is dismissed.

**SIGNED this 2nd day of June, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE